CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 3 0 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:97CR00039 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EDWARD ALLEN PINEIRO, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

On May 21, 1998, the defendant, Edward Allen Pineiro, pled guilty to a number of controlled substance offenses, including conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. He was subsequently sentenced to total term of imprisonment of 262 months.* The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) provides that the court may reduce the term of imprisonment of a defendant "who has been sentenced . . . based on a sentencing range that has subsequently been

---

* Pineiro was sentenced by United States District Judge James H. Michael, Jr. Judge Michael is deceased and the motion has been assigned to the undersigned district judge.

lowered by the Sentencing Commission . . . , if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, "[e]ligibility for consideration under . . . § 3582(c)(2) is triggered only by an amendment listed in [U.S.S.G. § 1B1.10(d)] that lowers the applicable guideline range." U.S.S.G. § 1B1.10, cmt. n. 1(A).

In the instant case, the defendant was designated as a career offender. Based on this designation, the defendant's applicable guideline range was his career offender range of 262 to 327 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Consequently, the defendant is not eligible for a sentence reduction under § 3582(c)(2), since Amendment 782 did not have the effect of lowering his applicable guideline range. For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 30th day of August, 2016.

_____
Chief United States District Judge

2