CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR - 9 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 3:97CR00039 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| EDWARD ALLEN PINERO, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Edward Pinero, through counsel, has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the court will grant the defendant's motion.[1]

On July 22, 1997, a grand jury in the Western District of Virginia returned a superseding indictment against the defendant. Count One of the indictment charged the defendant with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Count Two charged the defendant with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Count Three charged the defendant with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).[2]

On May 21, 1998, the defendant pled guilty to all three counts of the indictment. In his written plea agreement, the defendant acknowledged that he was subject to a mandatory term of imprisonment of 10 years to life for the offense charged in Count Two. The defendant also

---

[1] The defendant was sentenced by United States District Judge James H. Michael, Jr., who passed away in 2005. The defendant's case was reassigned to the undersigned district judge on June 13, 2016.

[2] Because the defendant's indictment was issued several years before the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), the indictment did not list particular drug quantities. However, Count Two specifically referenced the penalty provision applicable to offenses involving 50 grams or more of cocaine base. See 21 U.S.C. § 841(b)(1)(A)(iii) (1994) (amended 2010) (providing for a mandatory term of imprisonment of 10 years to life). Count Three specifically referenced the penalty provision applicable to offenses involving 5 grams or more of cocaine base. See id. § 841(b)(1)(B)(iii) (1994) (amended 2010) (providing for a mandatory term of imprisonment of 5 to 40 years).

acknowledged that he was subject to a mandatory term of imprisonment of 5 to 40 years for the offense charged in Count Three. See Plea Agreement 2, Dkt. No. 129-2.

The defendant appeared for sentencing on September 9, 1998. At that time, the court adopted the presentence report prepared by the United States Probation Office, which designated the defendant as a career offender. That designation, coupled with the "offense statutory maximum" applicable to Count Two, resulted in a base offense level of 37 under the United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. § 4B1.1(b). With a three-level reduction for acceptance of responsibility and a criminal history category of VI, the defendant's guideline range was 262 to 327 months' imprisonment. The court ultimately imposed a term of imprisonment of 262 months, to be followed by a five-year term of supervised release.

The parties agree that the defendant is now eligible for a sentence reduction under the newly-enacted First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115- 391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

In this case, it is undisputed that the offenses with which the defendant was charged in Counts Two and Three of the indictment are "covered offense[s]" for purposes of the First Step

Act. The offenses were committed before August 3, 2010, and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As is relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(A) from 50 grams to 280 grams, and it increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(B) from 5 grams to 28 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(A)–(B) (2012). Accordingly, the court is authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the most serious count—Count Two—is 5 to 40 years' imprisonment. The guideline range of imprisonment that now applies in the defendant's case, based on a statutory maximum sentence of 40 years, is 188 to 235 months.

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in the defendant's case. Specifically, after considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), and in order to maintain consistency with the relief afforded in similar cases, the court will reduce the defendant's total term of imprisonment to 188 months, but not less than time served.[3] The court will also reduce the defendant's total

---

[3] The court has been advised that the defendant has already served approximately 160 months in prison.

term of supervised release to 4 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This ____ day of April, 2019.

_____
Senior United States District Judge